UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 3:21-cr-00018-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HILLARY KUBWA, *et al.*, | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on Defendant Hillary Kubwa's Motion to Sever. [R. 48.] The United States jointly indicted Stephen Olewe, Hillary Kubwa, and Earnest Taylor, Jr. on charges of conspiracy to defraud the United States and aggravated identity theft. [R. 1.] Trial in this matter is currently scheduled for July 20, 2022.[1] [R. 50.] Mr. Kubwa asks for his trial to be severed from that of his co-defendants, arguing he will be prejudiced by a joint trial. [R. 48.] For the reasons set forth below, Mr. Kubwa's Motion for Severance [R. 48] will be **DENIED**.

**I**

The three defendants in this matter are charged with various counts of tax fraud and identity theft. Specifically, Defendants Olewe, Kubwa, and Taylor are each charged with one count of conspiracy to defraud the United States with respect to claims in violation of 18 U.S.C. § 286. [R. 1 at 3-7.] Each defendant is also charged with aggravated identity theft in violation of 18 U.S.C. § 1028A; Mr. Olewe faces six counts, Mr. Kubwa faces four, and Mr. Taylor faces two. *Id.* at 8-10. The indictment alleges that the three defendants worked together to obtain

---

[1] Defendant Taylor had not yet appeared in this case when trial was initially scheduled. Accordingly, a prior order clarified that at the time, trial was scheduled only as to Defendants Kubwa and Olewe. [R. 47.] Defendant Taylor was arraigned in the meantime and is now scheduled to join the July 20, 2022 trial date. [R. 65.]

identifying information for various individuals and used that information to submit fraudulent tax returns. *Id.* at 1-7.

The Court previously extended the parties' deadlines to file defensive motions. [R. 47.] Defendant Kubwa then filed a Motion to Suppress Evidence and a Motion to Sever. [R. 48; R. 49.] To allow sufficient time to resolve those motions, the Court continued trial to July 20. [R. 50.] The Motion to Suppress is ripe and currently pending before Magistrate Judge Atkins, who will prepare a Recommended Disposition. [*See* R. 50.] The Motion to Sever is ripe for review, although Mr. Kubwa did not file a reply and the fourteen-day time period to do so has expired. L.Cr.R. 47.1(d).

## II

### A

Federal Rule of Criminal Procedure 8(b) allows multiple criminal defendants to be indicted in the same proceeding under certain circumstances. According to the rule, an indictment may charge two or more defendants who "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Where multiple defendants are jointly charged in the same criminal proceeding, there is a strong presumption in favor of trying the co-defendants together. *See, e.g.*, *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials "serve society's interest in the speedy and efficient resolution of cases when the charges will be proved by the same evidence and result from the same acts." *United States v. Martinez*, 432 F. App'x 526, 529 (6th Cir. 2011) (quoting *United States v. Caver*, 470 F.3d 220, 237 (6th Cir. 2006)).

Co-defendants may be severed from one another and tried in separate proceedings where substantial prejudice will result from a joint trial. Federal Rule of Criminal Procedure 14 indicates:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). The Supreme Court interpreted Rule 8 and Rule 14 to allow severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 537. For example, severance may be appropriate where evidence is admissible against one of the defendants but not another, where two defendants have "markedly different degrees of culpability," or where one defendant's exculpatory evidence would be inadmissible in a joint trial. *See Martinez*, 432 F. App'x at 529.

Nevertheless, conflicting defenses among co-defendants do not necessarily warrant severance. Charles Alan Wright & Arthur R. Miller, 1A Fed. Prac. & Proc. § 223 (4th ed.). Further, severance is not required merely because one defendant may have a higher chance of acquittal if he is tried separately from his co-defendants. *Id.*; *Zafiro,* 506 U.S. at 540; *United States v. Graham*, 796 F.3d 332, 369 (4th Cir. 2015) ("The defendant seeking severance must show that actual prejudice would result from a joint trial . . . and not merely that a separate trial would offer a better chance of acquittal."). Finally, even if there is a high risk of some prejudice if a defendant is jointly tried, "less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *United States v. Driver*, 535 F.3d 424, 427 (6th Cir. 2008) (quoting *Zafiro*, 506 U.S. at 539). Accordingly, the movant must show "compelling, specific, and actual prejudice" will result from a joint trial. *Id.* (citations omitted).

**B**

**1**

Defendant Kubwa seeks severance from Defendants Olewe and Taylor on three grounds. [R. 48.] First, he argues that he is significantly less culpable than his co-defendants. *Id.* at 2-5. He compares allegations contained in search warrant affidavits focusing on Mr. Olewe and Mr. Taylor to the "few links to" himself. *Id.* at 4. Mr. Kubwa characterizes the evidence against himself as consisting of: (1) a text he sent to Mr. Olewe containing an email address tied to a tax service believed to have filed fraudulent returns, (2) a number of tax returns filed by Mr. Kubwa and his child's mother, none of which indicate fraud, and (3) a seven-year-old tip stating Mr. Kubwa owns A1 tax services, the business Mr. Olewe and Mr. Taylor were using to file fraudulent tax returns. *Id.* The United States argues in response that Mr. Kubwa omits relevant facts in the same affidavit that "closely connect" him with Mr. Olewe. [R. 59 at 4.] The Government specifically points to two "highly incriminatory" electronic communications between the two that contained identities later used to submit fraudulent tax returns. *Id.* at 3-4.

*Zafiro* encourages severance in "complex cases" where co-defendants have "markedly different degrees of culpability." 506 U.S. at 539. Mr. Kubwa does not allege that this case is especially complex and fails to show that he and his co-defendants have such distinct degrees of culpability that a specific, compelling prejudice would result from a joint trial. The facts he cites from the search warrant affidavits establish that Mr. Taylor (1) was tied to stolen employee information that was used to submit fraudulent tax returns and (2) was in regular contact with Mr. Olewe, who owned the tax company that was later linked to Mr. Taylor's fraudulent returns. [R. 48 at 3.] While those selected facts do not implicate Mr. Kubwa, the affidavit includes other allegations regarding his involvement. [R. 59 at 4-5.] On two occasions, Mr. Kubwa sent Mr.

Olewe identifying information of individuals whose stolen EFINs were tied to fraudulent returns. *Id.* Collectively, the affidavits allege that Mr. Taylor and Mr. Kubwa were both communicating with Mr. Olewe and that all three were tied to EFINs used to submit fraudulent tax returns. These allegations do not suggest "markedly different" degrees of culpability.

Compare these allegations to those in *Polk*. *United States v. Polk*, Nos. 96-1492/96-1512/96-1533/96-1534/96-1710, 1999 U.S. App. LEXIS 11414, at *11-*13 (6th Cir. June 2, 1999). *Polk* involved a "complex and lengthy" trial with multiple defendants. *Id.* at *11. Two defendants claimed they should have been severed because they were charged in just one conspiracy count in a "multi-count indictment," which also included other, more serious charges of intentional killing and use of a firearm in relation to drug trafficking. *Id.* at *2, *11-13. The court did not err in denying their motion to sever because: (1) it gave limiting instructions throughout trial, (2) much of the evidence supported the conspiracy count, which all of the defendants were charged with, and (3) there was no specific showing of prejudice. *Id.*

Mr. Kubwa was charged in five of the seven counts in the indictment, so he is more closely tied to his co-defendants than the appellants in *Polk*. [*See* R. 1 at 4-7.] Similar to *Polk*, the factual basis for the conspiracy charge in this matter largely focuses on Mr. Kubwa's relationship with Mr. Olewe. It is likely that much of the evidence in the trial for this case will focus on that charge and the relationships between the co-defendants. The co-defendants do not have such "markedly different" degrees of culpability that a joint trial would result in specific, compelling prejudice. Severance is not warranted on this ground.

### 2

Second, Mr. Kubwa argues "there appears to be substantially more evidence that could become admissible pursuant to Federal Rule of Evidence 404(b) for both Mr. Taylor and Mr.

5

Olewe than there is for [him]." [R. 48 at 5.] He references "multiple acts listed in the search warrant affidavits"—without giving specific examples—and Mr. Taylor's conviction for shooting at federal officers while he was being arrested. *Id.* He summarily states that Mr. Taylor's conviction "of course" could be introduced at trial and would prejudice all of the defendants. *Id.* The United States argues this claim is too speculative and that Sixth Circuit precedent does not support severance whenever a co-defendant has a criminal record. [R. 59 at 6 (citing *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992)).]

      Severance is not required merely because evidence is only admissible against some defendants, proof is greater against a co-defendant, or a co-defendant has a criminal record. *Warner*, 971 F.2d at 1196 (citations omitted). 404(b) evidence applicable to one defendant is commonly admitted in multi-defendant trials. *See United States v. Bakke*, 942 F.2d 977, 984 (6th Cir. 1991). The Court can give a limiting instruction to the jury and make clear that any 404(b) evidence admitted against Mr. Olewe or Mr. Taylor can only be considered as to their guilt or innocence, not their co-defendants'. *Id.* Such an instruction helps the jury to easily sort and consider the evidence appropriately, a task they are presumed capable of doing. *United States v. Mays*, 69 F.3d 116, 120 (6th Cir. 1995). As to Mr. Kubwa's single specific example of potential 404(b) evidence, a reasonable jury would not attribute Mr. Taylor's Texas arrest for shooting at officers to Mr. Kubwa—who was not involved in the incident in any way—especially after being given a limiting instruction. The potential that 404(b) evidence will be admitted against either of the other co-defendants does not create specific, compelling prejudice and does not justify severance.

**3**

Finally, Mr. Kubwa claims a joint trial "will hamper [his] fundamental right to remain silent" because if Mr. Olewe or Mr. Taylor testifies, their attorneys would be able to comment on his decision not to testify. [R. 48 at 6.] He claims that if only one co-defendant testifies, their "right to comment becomes at odds with the other co-defendant's right to remain silent." *Id.* The United States points out that Mr. Kubwa did not provide any legal support for this argument. Further, the Government claims that if severance was warranted simply because co-defendants may make different decisions about testifying, "multi-defendant trials would hardly be possible." [R. 59 at 6.]

The Sixth Circuit definitively held that when counsel for one defendant comments on a co-defendant's decision not to testify, that co-defendant's right to remain silent is not implicated. *United States v. Whitley*, 734 F.2d 1129, 1134-37 (6th Cir. 1984). It reasoned that the cases finding impermissible references to a defendant's silence involved comments made by the *prosecution*. *Id.* Reversible error results when the prosecution uses or emphasizes a defendant's silence, but not when counsel for a co-defendant does the same. *Id.* at 1137; *see also United States v. Griffith*, 756 F.2d 1244, 1253 (6th Cir. 1985). Accordingly, Mr. Kubwa's assertion that a joint trial will conflict with his right to remain silent is meritless and does not warrant severance.

**III**

Ultimately, Mr. Kubwa does not establish the presence of specific, compelling prejudice, so severance is inappropriate. Mr. Kubwa asks the Court to sever his trial from that of his co-defendants based on circumstances that are present in nearly all multi-defendant trials. If his arguments held true, multi-defendant trials would be nearly impossible to conduct, which would

7

conflict with courts' strong preference to try jointly-charged defendants together. For the foregoing reasons and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Defendant Hillary Kubwa's Motion for Severance [R. 48] is **DENIED**.

This the 16th day of June, 2022.

Gregory F. Van Tatenhove
United States District Judge