UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| Plaintiff, | ) ) | Criminal No. 3:21-cr-00018-GFVT |
| V. | ) ) | |
| HILLARY KUBWA, *et al.*, | ) ) | **MEMORANDUM OPINION** & **ORDER** |
| Defendants. | ) ) | |

*** *** *** ***

This matter before the Court upon Magistrate Judge Edward B. Atkins's Report and Recommendation. [R. 76.] Defendant Hillary Kubwa filed a motion to suppress evidence obtained during search and seizure pursuant to a warrant which he argues was lacking in probable cause. [R. 49.] Magistrate Judge Atkins recommends that this Court deny Mr. Kubwa's Motion to Suppress. [R. 76.] Mr. Kubwa objects to this recommendation and maintains that the search warrant for his email account did not establish probable cause. [R. 77.] For the reasons that follow, Mr. Kubwa's objections are **OVERRULED**, Judge Atkins' recommendation is **ADOPTED IN PART** as and for the Opinion of the Court, and Mr. Kubwa's Motion to Suppress is **DENIED**.

**I**

Defendant Hillary Kubwa is charged with one count of conspiracy to defraud the government and four counts of aggravated identity theft. [R. 1.] In 2019, a Magistrate Judge issued a search warrant for six email addresses in connection with an investigation into a tax fraud scheme, one of which belonged to Mr. Kubwa. [R. 76 at 1-2.] In his application for that warrant, IRS Special Agent Brandon Welch included an affidavit outlining the facts that set forth

his basis for probable cause that evidence of Mr. Kubwa's involvement in the tax fraud scheme was likely to be found in his email account. [*Id.*; R. 58.]

The general scheme involved the Defendants and others allegedly stealing identities through phishing scams and using them to create fraudulent Electronic Filing Identification Numbers, which would be used to file false tax returns for other individuals whose identities were also stolen through phishing scams. [*See generally* R. 58.] The warrant application primarily tied Mr. Kubwa's email account to the scheme through his relationship with Mr. Olewe. *See id.* at 31-32. Importantly, Mr. Kubwa recognizes there is substantial evidence tying Mr. Olewe to the fraud scheme. [*See* R. 77 at 4.] Mr. Kubwa was primarily connected to that scheme through messages he sent to Mr. Olewe containing login information for an email address and a driver's license, both of which were connected to many suspect tax return filings. [R. 58 at 21-25, 28-29, 32.] Other facts connected Mr. Kubwa to Mr. Olewe's tax businesses more generally. The address on Mr. Kubwa's driver's license is listed as the business address for the tax service named "Stephen Olewe, doing business as Stephen Olewe." [R. 58 at 18, 24.] Mr. Olewe also prepared a tax return filed by Juliet Otiende, listing two dependents with the last name Kubwa. *Id.* at 25. Mr. Kubwa later stated that Ms. Otiende is the mother of his children. [R. 77 at 15.] Mr. Kubwa's email was connected to the scheme because he frequently communicated with Mr. Olewe through it. [R. 58 at 31.]

The affidavit also included a tip received from Michael Essien, a former Wells Fargo employee who was fired for fraudulently opening accounts with the bank. *Id.* at 25. Mr. Essien forwarded an email to Agent Welch which contained a number of allegations about the tax fraud scheme and specifically mentioned Mr. Kubwa. *Id.* at 26. The email address used the name of an individual that the warrant affidavit mentioned in connection with the scheme and whose

2

involvement Mr. Essien explained. *Id.* at 24-26. However, Mr. Essien told Agent Welch that the email actually came from a different individual who he claimed ran one portion of the scheme. *Id.* at 25.

Based on the information detailed in the affidavit, United States Magistrate Judge Matthew A. Stinnett issued the warrant to search Mr. Kubwa's email account. *Id.* at 43-44. In Mr. Kubwa's Motion to Suppress, he asks the Court to suppress all evidence seized pursuant to this warrant because the affidavit in support of it lacked probable cause. [R. 49.] He argues that there are insufficient particularized facts linking his email account to Mr. Olewe's allegedly fraudulent activities. *Id*. Judge Atkins thoughtfully considered each of these issues and determined that Mr. Kubwa's Motion should be denied. [R. 76.] Mr. Kubwa filed objections to this Recommendation, which the Court reviews *de novo*. [R. 77; 28 U.S.C. § 636(b)(1)(c).]

## II

The Fourth Amendment guarantees that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. Search warrants focus on places and things rather than persons, and the Supreme Court has clarified that the "critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 555–56 (1978); *see also United States v. Church*, 823 F.3d 351, 355 (6th Cir. 2016). Therefore, to establish probable cause for a search, an affidavit accompanying a warrant must demonstrate (1) "the items sought are seizable by virtue of being connected with criminal activity"; and (2) "the items

3

will be found in the place to be searched." *Church*, 823 F.3d at 355 (internal quotation marks and citation omitted).

When a defendant challenges a search made pursuant to a warrant, the reviewing court may only consider "the four corners of the affidavit" to determine whether probable cause existed. *United States v. Frazier*, 423 F.3d 526, 535 (6th Cir. 2005) (citing *United States v. Hatcher*, 473 F.2d 321, 324 (6th Cir. 1973)). The reviewing court affords "great deference" to an issuing judge's determination, although the issuing judge's discretion is "not boundless." *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005); *United States v. Czuprynski*, 8 F.3d 1113, 1116 (6th Cir. 1993).

Mr. Kubwa has two factual objections to the Report and Recommendation. [R. 77 at 7-8.] He claims the Recommendation incorrectly states that the address on Mr. Kubwa's license is listed as EA Tax Services's business address. *Id.* at 7. Mr. Olewe did list Mr. Kubwa's address as the address for "Stephen Olewe, doing business as Stephen Olewe," which was allegedly filing legitimate tax returns. *Id.* But he contends that EA Tax Services did not have a business address connected to Mr. Kubwa. *Id.* Second, he states that the Recommendation did not mention that "none of the returns filed by Ms. Otiende were fraudulent" when discussing Mr. Kubwa's link to her tax service, A1 Income Tax Services. *Id.* at 8. Mr. Kubwa objects to the Recommendation's legal conclusions "because there is not a sufficient nexus proven between the fruits of crime and the relevant email address . . . and because no weight should be given to the unreliable and uncorroborated informer's tip." *Id.*

The Government responded in opposition to the objection. [R. 79.] It argues that by the totality of the circumstances, Judge Atkins correctly found that the affidavit established probable cause to tie Mr. Kubwa's email to the tax fraud scheme. *Id.* It rejects Mr. Kubwa's

4

characterization of the Recommendation, arguing that the Magistrate linked Mr. Kubwa to Mr. Olewe himself, not just EA Tax Services. *Id.* at 6. It also argues the tip from Mr. Eissen was sufficiently corroborated to be reliable because it "accurately described and predicted" the tax fraud scheme and was supported by other evidence. *Id.* The Government disagrees with Mr. Kubwa's claim that the warrant was not supported by probable cause "given the array of connections the affidavit established between Kubwa and his Gmail account on one hand and Olewe and this electronic tax scam on the other." *Id.* at 7. Finally, it argues that even if the warrant was lacking in probable cause, suppression is not required because the good faith exception applies. *Id.* at 8-10.

As an initial matter, the Government's response was filed pursuant to the briefing schedule set out in the Report and Recommendation, which appears to be based on the wrong Federal Rules provision. [R. 76 at 11.] Mr. Kubwa did not object to this portion of the Recommendation, but the Court maintains the authority to review it. *Thomas v. Arn*, 474 U.S. 140, 154 (1985); *see also Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). It cites to Federal Rule of *Civil* Procedure 72(b)(2), which imposes a fourteen-day objection period followed by a fourteen-day response period. However, this is a criminal matter, so the relevant provision is Federal Rule of *Criminal* Procedure 59(b)(2). This Rule imposes only a fourteen-day objection period, with no opportunity to respond. Fed. R. Crim. P. 59(b)(2). The Recommended Disposition explicitly set out a fourteen-day response period to follow the fourteen-day objection period. [R. 76 at 11.] While this is not the typical approach in a criminal case, the Court is unaware of any precedent holding that a Magistrate cannot alter the objection period set out in Federal Rule of Criminal Procedure 59(b)(2) to allow a response. There is precedent for doing as such in this Circuit. *See United States v. Dawson*, 2013 U.S. Dist. LEXIS 51426, at *5 (E.D

Ky. Mar. 15, 2013); *United States v. Yashan Trece Campbell*, 2013 U.S. Dist. LEXIS 19960, at *1 (E.D. Tenn. Feb. 14, 2013).  The Magistrate Judge effectively altered the criminal objection period to provide the parties an opportunity to respond, though the wrong Rule was cited.  [R. 76 at 11.]  Because there is precedent within this Circuit for allowing a Response to an Objection to a Report and Recommendation, the Court will still consider the arguments presented in the Government's Response.

### A

Mr. Kubwa's first objection to the Recommendation, that it "fails to mention that none of the returns filed by Ms. Otiende were fraudulent," is inapposite.  [R. 77 at 8.]  The affidavit established Mr. Kubwa's connection to Ms. Otiende, the mother of his children, to further connect him to Mr. Olewe's tax businesses because he prepared a tax return for her which listed her children with Mr. Kubwa as dependents.  [R. 76 at 3.]  It is irrelevant that her tax returns were not fraudulent.  Mr. Kubwa's connection to Ms. Otiende, who was connected to Mr. Olewe, contributed to his own connection to Mr. Olewe.  This is one allegation of many connecting Mr. Kubwa to Mr. Olewe, who he alleges was involved in tax fraud.  [R. 77 at 1.]  These facts were a small portion of the totality of the circumstances which the Magistrate Judge reviewed, leading to his conclusion that "it stands to reason that the multiplicity of evidence linking Kubwa to Olewe represents the requisite nexus between the Defendant's email account and evidence of the Defendant's participation in the alleged tax fraud scheme to support a finding of probable cause."  *Id.* at 8.  The Recommendation does not lack probable cause for not mentioning that Ms. Otiende did not file fraudulent tax returns because its consideration of her connection to Mr. Kubwa contributed to his connection to Mr. Olewe and the broader tax scheme.

**B**

Mr. Kubwa's other specific factual objection is that the Recommendation incorrectly stated that the address on Mr. Kubwa's license was listed as the business address for EA Tax Services, Mr. Olewe's business which Mr. Kubwa alleges was being used to file fraudulent returns. [R. 77 at 7.] The Court agrees that this is incorrect. The affidavit states that Mr. Kubwa's address is listed as the business address for Mr. Olewe's other tax business, "Stephen Olewe, doing business as Stephen Olewe," which does not appear to be connected to fraud. [R. 58 at 18, 24.] Accordingly, the Court's probable cause analysis will not consider this fact.

The Recommendation also lists the tip received from Mr. Essien as a fact contributing to probable cause. [R. 76 at 5.] This tip made claims about the tax scheme and Mr. Kubwa's involvement. *Id.* at 4. He argues the tip should not have been considered because it is unreliable, uncorroborated, stale, came from "an admitted fraudster, was passed "from another fraudster," and was sent with the intent to assist Mr. Essien in a criminal case he was facing. *Id.* at 12. The Government contends that the tip was corroborated because it "accurately described and predicted" the tax scheme and accurately described the location of A1 Tax Services, which the tip stated was the meeting place for the scheme's participants. [R. 79 at 6.]

The affidavit did not sufficiently establish that the tip forwarded by Mr. Essien was reliable. Mr. Essien was known to Agent Welch, who had interviewed him about a similar tax scheme in 2015. [R. 58 at 25.] However, the email's sender was not known to Agent Welch. It is not clear who in fact sent the email, as it came from an account using the name of an individual whose EFIN was being used to submit fraudulent tax returns. *Id.* Mr. Essien told Agent Welch that another individual actually sent the email and did so to help Mr. Essien in a pending criminal case. *Id.* at 26. The affidavit does not establish any independent work done to

7

confirm that Mr. Essien was correct, so it is unknown who actually sent the email. But even if Mr. Essien is correct, the sender of the email was not known to Agent Welch. Mr. Essien did not have personal knowledge of the information contained in the email, so the tip cannot benefit from the indicia of reliability granted to information from known informants. *United States v. Lawson*, 2022 U.S. App. LEXIS 19988, at *14 (6th Cir. July 19, 2022) (citing *United States v. May*, 399 F.3d 817, 823 (6th Cir. 2005)). Accordingly, the tip would need independent corroboration to be reliable. *Id.*

      Such corroboration was not present. The only additional information provided in the affidavit regarding the email was that the EFIN of the person whose name was in the sender's email address had been used to submit "over 940 returns," including a return for Mr. Essien. [R. 58 at 24, 27.] This is insufficient to establish the sender's veracity, reliability, or basis of knowledge. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). The Government argues that the tip is reliable because it "accurately described and predicted a tax scheme involving fraudulent EFINs that a law enforcement investigation later uncovered," and "other evidence corroborated the tip's assertion that A1 Tax Services is associated with Kubwa and its location is between 'bellaire and beechnut near white caps st.'" [R. 79 at 6.] But this corroborating information is irrelevant because it was not included in the affidavit. *See United States v. Helton*, 35 F.4th 511, 519-20 (6th Cir. 2022) ("This affidavit contains no information that law enforcement undertook the independent corroboration that is necessary when indicia of reliability is absent. The unreliable tip sources, therefore, are of insufficient probative value to support probable cause."). Without any indicia of the source's reliability, "courts insist that the affidavit contain substantial independent police corroboration." *Id.* (quoting *United States v. Coffee*, 434 F.3d 887, 893 (6th Cir. 2006)). Agent Welch's affidavit did not include any information establishing that the sender

8

of the email was reliable. Accordingly, the emailed tip cannot contribute to the existence of probable cause.

## C

### 1

The suppression inquiry does not end with the Court's decision that two facts mentioned in the Recommendation cannot contribute to probable cause. Rather, the Court proceeds to determine whether the affidavit still establishes probable cause without those facts. *See Helton*, 314 F.3d at 823. The untainted facts are sufficient to establish a nexus not just between Mr. Kubwa and Mr. Olewe as acquaintances, but between Mr. Kubwa's email and the fraudulent tax scheme with which Mr. Olewe was allegedly involved. As the Magistrate noted, "the nexus establishing probable cause to search the Defendant's email account is . . . based on multiple facts and not a sole piece of evidence." [R. 76 at 7.] Those facts include: (1) Mr. Kubwa sent Mr. Olewe identifying information about an individual and login information for an email address, both of which had been used to file multiple fraudulent returns, (2) Mr. Olewe is an emergency contact on Mr. Kubwa's license, (3) the mother of Mr. Kubwa's children filed a tax return prepared by Mr. Olewe, (4) Mr. Kubwa's wife ran a tax service which filed tax returns for many of the same individuals as Mr. Olewe, and (5) Mr. Kubwa and Mr. Olewe regularly communicated through Mr. Kubwa's Gmail account. *Id.* at 4-5; 7-8.

Crucially, Mr. Kubwa claims multiple times that Mr. Olewe was running a fraudulent tax scheme. [*See, e.g.*, R. 77 at 4 ("There is ample evidence establishing probable cause that Olewe was involved in filing fraudulent tax returns.").] The most notable fact connecting Mr. Kubwa to this scheme is the two occasions on which he sent Mr. Olewe information known to have been used to file fraudulent tax returns. [R. 76 at 3.] That Mr. Kubwa was sending Mr. Olewe

information directly connected to tax fraud *strongly* connects him to the tax scheme. The affidavit also stated that the two regularly communicated using Mr. Kubwa's email address. *Id.* A holistic view of the affidavit shows that Mr. Kubwa was connected to Mr. Olewe generally and his apparently non-fraudulent tax business, had sent Mr. Olewe information used to submit fraudulent returns, and regularly communicated with Mr. Olewe using his Gmail account. As a result, there was a "fair probability" that evidence of tax fraud would be found in Mr. Kubwa's email. *See United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998). This is true without considering the incorrect statement that Mr. Kubwa's address was listed as the business address for Mr. Olewe's fraudulent tax business and the uncorroborated tip from Mr. Essien.

**2**

Mr. Kubwa also objects generally to the Magistrate Judge's consideration of the cases he relied on in support of his Motion to Suppress, *United States v. Abernathy* and *United States v. McPhearson*. [R. 77 at 9-10.] Judge Atkins held that the case at hand is distinguishable because the warrant was based on "multiple facts and not a sole piece of evidence." [R. 76 at 7.] Mr. Kubwa's objection argues that "those cases are not limited to their facts, but, rather, establish that there must be a sufficient nexus between the place to be searched and evidence of a crime." [R. 77 at 10.]

The Court agrees with Judge Atkins that this case is not comparable to *Abernathy* or *McPherson* because both granted motions to suppress evidence obtained from warrants with just one fact alleged to establish the requisite "nexus." *United States v. Abernathy*, 843 F.3d 243, 251 (6th Cir. 2016) ("the only proper evidence the Affidavit contained supporting probable cause was the "several" marijuana roaches and T2-laced plastic bags the police recovered from the trash pull at Defendant's residence"); *United States v. McPhearson*, 469 F.3d 518 (6th Cir. 2006)

10

("the affidavit in this case did no more than state that McPhearson, who resided at 228 Shelby Street, was arrested for a non-drug offense with a quantity of crack cocaine on his person"). In both cases, merely one fact was insufficient to establish a nexus between the place to be searched and the suspected illegal activity. *Id.* Mr. Kubwa's reliance on these cases is misplaced because, as stated above, the affidavit established a nexus between Mr. Kubwa's email and the tax fraud scheme through many facts. This is true even without considering the incorrect statement connecting Mr. Kubwa's address to Mr. Olewe's fraudulent tax scheme and the uncorroborated tip. Accordingly, the Court agrees with Judge Atkins's conclusion that the warrant was supported by probable cause and suppression is not appropriate.

**D**

Finally, Mr. Kubwa objects to Judge Atkins's finding that even if the warrant failed to establish probable cause, the good faith exception would save the search from the exclusionary rule. [R. 77 at 15.] The good faith exception to the exclusionary rule does not bar from admission evidence seized in "reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *United States v. Christian*, 925 F.3d 305, 312 (6th Cir. 2019) (quoting *Leon*, 468 U.S. at 905). One instance where the good faith exception is inapplicable is where the affidavit supporting the search warrant is "bare bones," such that it is "so lacking in indicia of probable cause as to make an officer's belief in its existence objectively unreasonable." *Christian*, 925 F.3d at 312 (internal quotations omitted). "If the reviewing court is able to identify in the averring officer's affidavit some connection, regardless of how remote it may have been—some modicum of evidence, however slight—between the criminal activity at issue and the place to be searched, then the affidavit is not bare bones and official reliance on it

is reasonable." *United States v. White*, 874 F.3d 490, 497 (6th Cir. 2017) (quoting *United States v. Laughton*, 409 F.3d 744, 749–50 (6th Cir. 2005)).

The affidavit in this case contains a sufficient factual basis to meet this low bar. As Judge Atkins points out, Mr. Kubwa has not argued that Agent Welch presented the issuing Judge false information. [R. 76 at 11.] There is also no argument or evidence that the search warrant was issued on an improper or biased authority. *Id*. He repeats his prior arguments, contending that Mr. Kubwa was only connected to Mr. Olewe's innocent tax business and the Essien tip was unreliable. *Id.* at 16-17. But as established above, the affidavit established a nexus between Mr. Kubwa's email and the tax fraud scheme. While the Court does agree that the Essien tip was unreliable, an affidavit can still establish probable cause outside of an uncorroborated tip. *See United States v. Rounsaville*, 2020 U.S. App. LEXIS 11791, at *9-10 (6th Cir. 2020). The Court explained above that the affidavit in this matter established a sufficient nexus between Mr. Kubwa's email and the tax scheme even without considering the tip. A reasonable officer would find the warrant reliable because, amongst other connections, it establishes that Mr. Kubwa was connected to Mr. Olewe's apparently innocent tax business, he sent Mr. Olewe information used to file fraudulent returns, Mr. Olewe was engaging in tax fraud through a different business, and the two regularly communicated through Mr. Olewe's email. Because a reasonable officer would believe the affidavit established probable cause, it was not bare bones and the good faith exception would apply even if probable cause was in fact lacking.

### III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Hillary Kubwa's Objections **[R. 77]** are **OVERRULED**,

2. Judge Atkins' Report and Recommendation **[R. 76]** is **ADOPTED** as and for the opinion of the Court, except as to its consideration of: (1) Mr. Kubwa's address being listed as the address for Mr. Olewe's allegedly fraudulent tax business, and (2) the Essien tip, and;

3. Defendant Hillary Kubwa's Motion to Suppress **[R. 49]** is **DENIED**.

This the 19th day of August, 2022.

Gregory F. Van Tatenhove
United States District Judge